UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | No. 5:16-cv-05815 |
| : | |
| ROBERT R. VANDERPOOL, : | |
| : | |
| Defendant. : | |

**O R D E R**

In 1994, Defendant Robert Vanderpool obtained a mortgage from the United States Department of Agriculture's Rural Housing Service. Compl. ¶ 3, ECF No. 1. The United States claims that he has defaulted on the mortgage, and it seeks to foreclose on the property. *Id.* ¶¶ 8, 12. The United States, however, is having difficulty effecting service on Vanderpool. It attempted personal service at the mortgaged property, but its process server reported that the property is vacant. *See* Mot. for Service Ex. A, ECF No. 2-3. The United States then hired an investigator to attempt to find him. The investigator searched a number of sources of information, including employment records, federal and state corrections databases, telephone directories, and the internet, and also made a Freedom of Information Act inquiry with the U.S. Postal Service. *See* Mot. Ex. B, ECF No. 2-3. She also placed calls to two possible relatives and two possible neighbors. *Id.* None of these efforts led to any information about Vanderpool's current whereabouts.

The United States now seeks permission to serve Vanderpool through an alternative method of service—namely, by posting a copy of the summons and complaint on the mortgaged property and mailing a copy to that address (which is Vanderpool's last known address).

Pennsylvania Rule of Civil Procedure 430(a) provides that "[i]f service cannot be made under the applicable rule the plaintiff may move the court for a special order directing the method of service." The request must "be accompanied by an affidavit stating the nature and extent of the investigation which has been made to determine the whereabouts of the defendant and the reasons why service cannot be made."[1] Pa. R. Civ. P. 430(a). However, this procedure should be viewed as "an option of last resort for a plaintiff who has exhausted all reasonable efforts to locate the defendant for service." *Witherspoon v. City of Phila.*, 768 A.2d 1079, 1088 n.3 (Pa. 2001) (Newman, J., dissenting).

---

[1] Federal Rule of Civil Procedure 4(e) permits a plaintiff to use the service methods permitted by the law of the state where the district court is located.

While the United States has made some effort to locate Vanderpool, it has not exhausted all reasonable efforts to find him. One means in particular stands out in this case: searching court and arrest records. *See* Pa. R. Civ. P. 430(a) note (advising that a good faith effort to locate the defendant should include a search of courthouse records). The process server mentioned in his affidavit that he spoke with one of Vanderpool's former neighbors, who informed him that the police had removed Vanderpool from the property approximately four months prior to the process server's visit. *See* Mot. Ex. A. This suggests that the United States may be able to uncover more information about Vanderpool's whereabouts by searching publicly available court records, but there is no indication in its motion that it pursued this lead.

Accordingly, this 17th day of January, 2017, Plaintiff's Motion for Service by Posting Property and Certified Mail, ECF No. 2, is **DENIED**, because the United States has not yet shown that it has exhausted all reasonable efforts to locate the Defendant. The United States is reminded that as of the date of this Order, 21 days remain for it to effect service. *See* Fed. R. Civ. P. 4(m).

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge